LILJEBERG, J.,
dissents in part: concurs in part.
hi respectfully dissent from the majority’s finding that defendant was in custodial interrogation, necessary to trigger a Miranda warning, at the time of questioning on the scene. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Rhode Island v. Innis, 446 U.S. 291 at 301-2, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). The officer’s question was unrelated to the crime under investigation (DWI) and was not one that the officer should have known would elicit an incriminating response from defendant. Possession of a firearm in a vehicle is not a crime. Therefore, defendant was not under interrogation for purposes of Miranda, and the statement is admissible.
Moreover, the officer testified that defendant was not handcuffed at the time he was asked about weapons in his vehicle. As such, the seizure of the weapon for officer safety was proper and necessary to secure the vehicle for towing. I, therefore, concur in the result of the majority’s finding that the weapon is admissible.
Accordingly, I would grant the state’s writ application in its entirety.